UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY THOMAS,

                                  Plaintiff,

        v.

OFFICER J. PRINZI, et al.,

                                  Defendants.
_____

DECISION & ORDER

15-CV-6061W

On February 5, 2015, *pro se* plaintiff Anthony Thomas ("plaintiff") filed a complaint in the above-captioned matter asserting constitutional violations pursuant to 42 U.S.C. § 1983. (Docket ## 1, 4). Plaintiff's claims arise out of his arrest and prosecution. (Docket # 4). Currently before this Court is plaintiff's request for appointment of counsel. (Docket # 22). Plaintiff also requests an order to permit him to obtain access to the transcript of the trial of his underlying prosecution. (Docket # 27). Also pending before the Court is plaintiff's motion to amend his complaint. (Docket # 31).

I.     **MOTION TO APPOINT COUNSEL**

Plaintiff maintains that he requires an attorney because he lacks legal training and does not have the financial resources to hire an attorney. (Docket # 22). It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such

assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. [w]hether the indigent's claims seem likely to be of substance;
>
> 2. [w]hether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. [w]hether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. [w]hether the legal issues involved are complex; and
>
> 5. [w]hether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Plaintiff has not done so at this stage. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel. On this record, plaintiff's request for the appointment of counsel **(Docket # 22)** is **DENIED without prejudice** at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## II.    ACCESS TO TRIAL TRANSCRIPT

With respect to plaintiff's request for access to the transcript of his underlying criminal trial, it appears that the entire case has been sealed pursuant to New York Criminal Procedure Law § 160.50, presumably because plaintiff was acquitted after a jury trial. (Docket # 4 at 13). Under such circumstances, requests for access to sealed records should be made, in the first instance, to the court that issued the sealing order or by subpoena or request to the clerk of the court or the prosecuting attorney. *Townes v. New York City*, 1996 WL 164961, *10 (E.D.N.Y. 1996).

I note, however, that pursuant to New York law, plaintiff is entitled to access the records. *See* N.Y.C.P.L. § 160.50(1)(d) ("such records shall be made available to the person accused"). Upon information and belief, plaintiff may obtain access to the case file by appearing

in person at the Rochester City Court Clerk's office with photographic identification and requesting to review the file. Alternatively, plaintiff should seek relief from the Rochester City Court, or subpoena the records from the prosecuting attorney's office. The Court refers plaintiff to page 21 of the Pro Se Litigation Guidelines for the Western District of New York, which explains the process for requesting a subpoena and notes that there may be associated costs. The Court has included a copy of the Pro Se Litigation Guidelines with this Order.

To the extent that plaintiff obtains any information from the sealed case file, he is reminded that he must comply with his disclosure obligations, including any obligations pursuant to Rule 26 of the Federal Rules of Civil Procedure. At this time, plaintiff's request for access to his trial transcript (**Docket # 27**) is **DENIED without prejudice**. As stated above, plaintiff should attempt to obtain the records from the Rochester City Court or request a subpoena in accordance with the procedure set forth in the Pro Se Litigation Guidelines. Plaintiff is permitted to renew his request in the event he is unsuccessful in his effort to obtain access to the requested materials in accordance with the directions in this Order.

### III.   MOTION TO AMEND

Plaintiff seeks leave to amend his complaint to add "conspiracy charges" against all three defendants, to add Grazina Meyers as a defendant in the action and to assert conspiracy and perjury charges against her, and to add the "Federal Clerk" to the action and to assert a conspiracy claim against the Clerk. (Docket # 31). Defendants have opposed the motion in part because the plaintiff has failed to attached a proposed amended complaint. (Docket # 32).

Rule 15(a) of the Local Rules of Civil Procedure requires that a movant seeking to amend or supplement a pleading "attach an unsigned copy of the proposed amended pleading as

an exhibit to the motion." Rule 15(a) of the Local Rules of Civil Procedure for the Western District of New York.  While the failure to attach a proposed amended complaint is not necessarily fatal to a motion seeking leave to amend, where the motion fails to "adequately explain the basis for, and nature of, the proposed amendment," *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009), the Court may deny leave to amend on the grounds that it is unable "to evaluate the propriety of granting leave." *Gulley v. Dzurenda*, 264 F.R.D. 34 (D. Con. 2010).

Plaintiff has failed to attach a proposed amended complaint to his motion and has failed to articulate the nature of his proposed amendments.  Thus, the Court is unable to determine whether leave to amend would properly be granted.  Accordingly, plaintiff's motion for leave to amend his complaint **(Docket # 31)** is **DENIED without prejudice**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September 23, 2016