UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY THOMAS,

                              Plaintiff,

      v.

J. PRINZI, D. HOGG and R. BEYEA,

                              Defendants.
_____

<u>DECISION & ORDER</u>

15-CV-6061W

        Three motions to compel discovery filed by plaintiff Anthony Thomas are pending before this Court. (Docket ## 47, 56, 60). The first seeks further responses to plaintiff's requests to admit, which defendants answered with simple denials. (Docket # 47). Specifically, Thomas seeks an order compelling defendants "to state the reasons why they denied all requests for admission." (*Id.* at 1). The second seeks defendants to produce certain documents. (Docket # 56). Although defendants have responded to Thomas's document requests, he maintains that pre-booking photographs and a report were requested, but not produced. (*Id.*). The third seeks an order compelling defendants to respond to interrogatories served thirty days earlier. (Docket # 60).

        All three motions are denied because they are not accompanied by a "certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to obtain it without court action," as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure. Thomas is directed to confer with counsel for defendants concerning the documents he seeks. If the disputes cannot be resolved, he may file another motion accompanied by the required certification.

With respect to the interrogatories, Thomas's motion is also premature because he filed it before the time period within which to respond had expired. He filed it before the thirtieth day had expired. (*See* Docket # 60). In the meanwhile, by letter dated July 18, 2017, defendants have requested an extension until July 31, 2017, to respond. That application is granted. If Thomas has any disputes regarding the adequacy of defendants' responses, he must attempt to resolve those disputes with defendants' counsel before filing any motion to compel.

With respect to Thomas's motion to compel defendants to explain their denial to his requests for admission, I find that, even if Thomas's motion were not procedurally defective, it lacks merit. I have reviewed the requests to admit and agree with defendants that their simple denials are adequate responses. *See United Coal Cos. v. Powell Construction Co.*, 839 F.2d 958, 967 (3d Cir. 1988) ("Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation") (internal quotation omitted); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2008 WL 3823958, *1 (S.D.N.Y. 2008) (same).

## CONCLUSION

Accordingly, plaintiff's motions to compel **(Docket ## 47, 56, 60)** are **DENIED**.

**IT IS SO ORDERED.**

      *s/Marian W. Payson*
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      July 21, 2017