UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY THOMAS,

          DECISION & ORDER

      Plaintiff,

          15-CV-6061W

  v.

OFFICER J. PRINZI, et al.,

      Defendants.
_____

On February 5, 2015, *pro se* plaintiff Anthony Thomas ("plaintiff") filed a complaint in the above-captioned matter asserting constitutional violations pursuant to 42 U.S.C. § 1983. (Docket ## 1, 4). Plaintiff's claims arise out of his arrest and prosecution. (Docket # 4). Currently before this Court is plaintiff's second request for appointment of counsel. (Docket # 65). Plaintiff maintains that he requires an attorney because he suffers from PTSD, which causes "severe limitations when dealing with legal issues and social injustices." (Docket # 65). He also contends that defendants have employed unfair and unethical tactics in litigating this case. (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. [w]hether the indigent's claims seem likely to be of substance;

2. [w]hether the indigent is able to investigate the crucial facts concerning his claim;

3. [w]hether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. [w]hether the legal issues involved are complex; and

5. [w]hether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not justified at this

time.  As with his earlier motion for appointment of counsel, plaintiff has not demonstrated a likelihood of success on the merits.  *See id.*  Moreover, plaintiff has not shown how his mental health impairs his ability to prosecute his claims.  Based upon the Court's familiarity with this case, the Court is unaware of any factual basis for plaintiff's contention that defendants' counsel have employed unfair or unethical litigation tactics.  On this record, plaintiff's request for the appointment of counsel **(Docket # 65)** is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
October 11, 2017